**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4049**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SHAUN ISIAH-JEFFREY HINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:14-cr-00076-MOC-1)

Submitted: September 16, 2015      Decided: October 23, 2015

Before SHEDD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaun Isiah-Jeffrey Hinson pleaded guilty to armed robbery, in violation of 18 U.S.C. § 2113(a), (d) (2012); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2012); and robbery, in violation of 18 U.S.C. § 2113(a). The district court sentenced Hinson to 84 months of imprisonment for the robbery counts, and the statutory mandatory minimum of 84 months of imprisonment for the firearm offense, to run consecutively, and Hinson now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the Government breached the plea agreement and whether the district court erred in accepting Hinson's guilty plea to the firearm charge. Hinson filed a pro se supplemental brief raising additional issues.[*] Finding no error, we affirm.

Counsel first questions whether the Government breached the plea agreement by failing to move for a departure for substantial assistance. As Hinson did not raise this issue in the district court, we review this claim for plain error. Puckett v. United States, 556 U.S. 129, 133-35 (2009). To establish plain error, Hinson must demonstrate that a clear or

_____

[*] We have reviewed the issues raised in Hinson's pro se supplemental brief and conclude they lack merit.

obvious defect occurred that affected his substantial rights and that we should recognize the error because it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 135 (alterations and internal quotation marks omitted).

We construe a plea agreement pursuant to the principles of contract interpretation. United States v. Davis, 689 F.3d 349, 353 (4th Cir. 2012). "[W]hile each party should receive the benefit of its bargain, the government is bound only by the promises it actually made to induce the defendant's plea." Id. (internal quotation marks omitted). Here, as the Government reserved the discretion to determine whether to seek a departure based on substantial assistance in the plea agreement, we conclude that Hinson has failed to demonstrate that the Government breached the agreement.

Counsel also questions whether the court erred in accepting Hinson's guilty plea to the firearm offense as Hinson now claims that the firearm he possessed during the first robbery was not real. In the context of guilty pleas, Rule 11(b)(3) of the Federal Rules of Criminal Procedure explains that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Because Hinson did not object to the factual basis for his plea before the district court, our review is for plain

3

error.  <u>United States v. Massenburg</u>, 564 F.3d 337, 342 (4th Cir. 2009).  We conclude that the district court did not err in accepting Hinson's guilty plea, based on his stipulation to the statement of facts demonstrating his guilt of the firearm offense.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court.  This court requires that counsel inform Hinson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Hinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hinson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

4